JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nokia Corporation

## DEFENDANTS
ERICSSON INC.

c/o Capitol Corporate Services, Inc.
800 Brazos, Suite 1100
Austin, Texas 78701

**(b)** County of Residence of First    Finland Corporation
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**3 04 CV 2320 - K**

RECEIVED
OCT 28 2004
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David W. Elrod
Elrod, PLLC
500 N. Akard, Suite 3000
Dallas, Texas 75201
214-953-0182

Attorneys (If Known)
Douglas A. Cawley
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | | DEF | | | DEF |
|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | X 4 |
| ☐ 2 U.S. Government Defendant | X 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☐ 2 ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a X 3 ☐ 3 Foreign Country | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Label & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 791 Empl. Ret. Inc | or Defendant) | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | State Statutes |
| | | ☐ 550 Civil Rights | | | X 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

Appeal to District Judge from Magistrate Judgment

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause
Do not cite jurisdictional statutes unless diversity.)

Petition to enforce arbitral subpoena pursuant to 9 U.S.C. § F.

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: |
| | | | **JURY DEMAND:**    Yes    No |

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE   Barbara M.G. Lynn | DOCKET NUMBER  93:1809 |

DATE   *October 28, 2004*            SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b.) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NOKIA CORPORATION,
Petitioner

vs.

ERICSSON INC.,
Respondent.

No.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 28 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**3 04 C V 2 3 2 0 - K**

## NOKIA CORPORATION'S PETITION TO ENFORCE ARBITRAL SUBPOENA PURSUANT TO 9 U.S.C. § 7

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*, Nokia Corporation ("Nokia") brings this Petition to enforce an evidentiary subpoena issued by a panel of three arbitrators. The subpoena is attached hereto as Exhibit 1 (hereinafter "Subpoena").

1.

The Subpoena was issued in an arbitration between Nokia, on the one hand, and InterDigital Technology Corporation and InterDigital Communications Corporation (collectively "InterDigital"), on the other hand. This arbitration is being conducted under the auspices of the International Chamber of Commerce in New York and in other locations, including this district. The arbitration is styled *Nokia Corporation v. InterDigital Communications Corporation and InterDigital Technologies Corporation*, Case No. 12 829 JNK ("ICC Arbitration").

2.

The ICC Arbitration involves a dispute that arises out of a patent license agreement ("PLA") to which Nokia and InterDigital are parties. The PLA involves interstate commerce and contains an arbitration clause that gives rise to the ICC Arbitration, and is enforceable under the Federal Arbitration Act.

3.

InterDigital Technology Corporation is incorporated under the laws of the State of Delaware, and has its principal place of business in Delaware.

4.

InterDigital Communications Corporation is incorporated under the laws of the State of Pennsylvania, and has its principal place of business in Pennsylvania.

5.

Nokia Corporation is incorporated under the laws of the country of Finland and has its principal place of business in Finland.

6.

The amount in controversy in the ICC Arbitration is in excess of one hundred million dollars ($100,000,000).

7.

Pursuant to the Federal Arbitration Act, 9 U.S.C.§ 1 *et seq.*, and 28 U.S.C. §§ 1331 and 1332, this Court has subject matter jurisdiction over this ICC Arbitration and subject matter jurisdiction to enforce the Subpoena.

8.

The Subpoena seeks evidence from Ericsson Inc., a third party in the possession of evidence material to the ICC Arbitration. The Subpoena requires Ericsson Inc. to attend a hearing in this District before the Arbitral Tribunal and to bring with it certain documents and evidence as described in the Subpoena.

9.

Ericsson Inc. is incorporated under the laws of the State of Delaware with its principal place of business in Plano, Texas.

10.

The evidence in Ericsson Inc.'s possession is valuable to Nokia and material to Nokia's defense against the claims that InterDigital has made in the ICC Arbitration. The pecuniary value of this evidence to Nokia is in excess of $75,000.

11.

The arbitrators in the ICC Arbitration unanimously and lawfully issued the Subpoena pursuant to the authority granted by 9 U.S.C. § 7.

12.

Nokia served Ericsson Inc. with the Subpoena and the appropriate witness fee on October 1, 2004 in the same manner as a subpoena may be served under the Federal Rules of Civil Procedure.

13.

Ericsson Inc. has acknowledged receipt of the Subpoena but refused to comply.

14.

InterDigital did not oppose the issuance of this Subpoena or the conducting of an arbitral hearing in this District. In fact, InterDigital joined Nokia in requesting that the ICC Arbitration Panel issue the Subpoena to Ericsson Inc.

15.

Nokia hereby incorporates by reference into this Petition, the Motion to Enforce, the Brief in Support, and Appendix in Support, all of which are filed contemporaneously herewith.

Pursuant to 9 U.S.C. § 7, Nokia hereby requests that this Court grant its Petition and issue an order compelling Ericsson Inc. to comply with the Subpoena.

Respectfully submitted, this 28th day of October, 2004.

By

DAVID W. ELROD
Texas State Bar No. 06591900
CARL D. GUM, III
Texas State Bar No. 24038380
ELROD  P.L.L.C.
500 North Akard
Suite 3000
Dallas, Texas 75201
Tel: 214-953-0182
Fax:  214-953-0185

PETER KONTIO (*Of Counsel*)
Georgia Bar No. 428050
PATRICK J. FLINN (*Of Counsel*)
Georgia Bar No. 264540
KEITH E. BROYLES (*Of Counsel*)
Georgia Bar No. 090152
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

Attorneys for Nokia Corporation

## CERTIFICATE OF SERVICE

I certify that the foregoing NOKIA CORPORATION'S PETITION TO ENFORCE

ARBITRAL SUBPOENA PURSUANT TO 9 U.S.C. § 7 was served, on this 28th day of October,

2004, by First Class Mail to the following:

Ron E. Shulman, Esq.
Michael A. Ladra, Esq.
Mark D. Flanagan, Esq.
Nathan Walker, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California  94304-1050

Dan D. Davison, Esq.
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784

*Attorneys for InterDigital Technology*
  *Corporation*

Douglas A. Cawley
MCKOOL SMITH
300 Crescent Court, Suite 1500
Dallas, TX 75201

*Attorney for Ericsson Inc.*



David W. Elrod

# INTERNATIONAL COURT FOR ARBITRATION

NOKIA CORPORATION,
                              Petitioner,

*against*

INTERDIGITAL COMMUNICATIONS
CORPORATION and INTERDIGITAL
TECHNOLOGY CORPORATION
                              Respondents.

**SUBPOENA FOR ATTENDANCE BEFORE
THE TRIBUNAL AND THE PRODUCTION OF
DOCUMENTS AND OTHER TANGIBLE
EVIDENCE**

International Court for Arbitration,
International Chamber of Commerce,
Arbitration No.: 12 829/JNK

FROM: **The Arbitral Tribunal**, as duly constituted in the above styled matter,

TO:    **Ericsson Inc.**

YOU ARE COMMANDED, pursuant to 9 U.S.C. §7, Federal Rule of Civil Procedure 45, and the order of the Arbitral Tribunal, to attend before the Arbitral Tribunal as a witness and to bring with you, and permit inspection and copying of, the material documents and tangible things in your possession, custody, or control identified in Exhibit "A" hereto. This Subpoena commands your attendance and documents on the 7th day of October, 2004 at 12:00 P.M., at Elrod, PLLC, 500 North Akard, Suite 3000, Dallas, TX 75201.

To the extent the documentary and tangible evidence you are commanded to bring with you includes confidential or proprietary information, attached as Exhibit "B" hereto is a copy of the Protective Order and Confidentiality Agreement adopted by the Arbitral Tribunal. The confidentiality provisions therein inure to your benefit and can be enforced against any party in the United States District Court for the Northern District of Texas.

| ISSUING OFFICER SIGNATURE AND TITLE | |
| --- | --- |
| | Chair of the Arbitral Tribunal |
| ISSUING OFFICER SIGNATURE AND TITLE | |
| | Member of the Arbitral Tribunal |
| ISSUING OFFICER SIGNATURE AND TITLE | |
| | Member of the Arbitral Tribunal |

*This Subpoena is valid when signed by two or more members of the Arbitral Tribunal*

DIRECT questions regarding this subpoena to:

| REQUESTING ATTORNEYS' NAME, ADDRESS AND PHONE NUMBER | |
| --- | --- |
| **S. Gardner Culpepper, Esq.**<br>**Keith E. Broyles, Esq.**<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA  30309 | PHONE:<br>**(404) 881-7000**<br>FAX:<br>**(404) 881-7777** |
| | Attorney for Petitioner Nokia Corporation |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D and 9 U.S.C. § 7 on Reverse)

**Exhibit 1**

# INTERNATIONAL COURT FOR ARBITRATION

NOKIA CORPORATION,
                    Petitioner,

*against*

INTERDIGITAL COMMUNICATIONS
CORPORATION and INTERDIGITAL
TECHNOLOGY CORPORATION
                    Respondents.

**SUBPOENA FOR ATTENDANCE BEFORE
THE TRIBUNAL AND THE PRODUCTION OF
DOCUMENTS AND OTHER TANGIBLE
EVIDENCE**

International Court for Arbitration,
International Chamber of Commerce,
Arbitration No.: 12 829/JNK

---

FROM: **The Arbitral Tribunal,** as duly constituted in the above styled matter,

TO:   **Ericsson Inc.**

---

YOU ARE COMMANDED, pursuant to 9 U.S.C. §7, Federal Rule of Civil
Procedure 45, and the order of the Arbitral Tribunal, to attend before the Arbitral Tribunal
as a witness and to bring with you, and permit inspection and copying of, the material
documents and tangible things in your possession, custody, or control identified in Exhibit
"A" hereto. This Subpoena commands your attendance and documents on the 7th day of
October, 2004 at 12:00 P.M., at Elrod, PLLC, 500 North Akard, Suite 3000, Dallas,
TX 75201.

To the extent the documentary and tangible evidence you are commanded to bring
with you includes confidential or proprietary information, attached as Exhibit "B" hereto is a
copy of the Protective Order and Confidentiality Agreement adopted by the Arbitral
Tribunal. The confidentiality provisions therein inure to your benefit and can be enforced
against any party in the United States District Court for the Northern District of Texas.

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE | Chair of the Arbitral Tribunal |
| ISSUING OFFICER SIGNATURE AND TITLE | Member of the Arbitral Tribunal |
| ISSUING OFFICER SIGNATURE AND TITLE | Member of the Arbitral Tribunal |

*This Subpoena is valid when signed by two or more members of the Arbitral Tribunal*

DIRECT questions regarding this subpoena to:

| REQUESTING ATTORNEYS' NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| **S. Gardner Culpepper, Esq.**<br>**Keith E. Broyles, Esq.**<br>Alston & Bird LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309 | PHONE·<br>**(404) 881-7000**<br>FAX:<br>**(404) 881-7777** |

Attorney for Petitioner Nokia Corporation

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D and 9 U S C § 7 on Reverse)

EXHA

# EXHIBIT A

The documents requested pursuant to the attached Subpoena are described in the list that follows below. All documents produced will be subject to the confidentiality protections ordered by the Tribunal and enforceable in court. For ease of reference, the terms used in the request are defined on the last page. Subject to those definitions, please bring with you the following documents and materials:

1. To the extent that they have not already been produced by InterDigital, the documents (including drafts and term sheets) that comprise or mention efforts by Ericsson, Sony-E, Sony or InterDigital to negotiate, execute, structure, or amend any oral or written agreements that were made in connection with, at the time of, or as part of, the resolution of the InterDigital Lawsuit or the execution of the 2003 Patent Licenses.

2. The documents identifying or memorializing any liability, payment obligations, releases, licenses, credits or other forms of consideration (other than royalty payments) imposed on, or exchanged by or between Ericsson, Sony-E, or Sony in connection with (or as part of) the resolution of the InterDigital Lawsuit, the execution of the 2003 Patent Licenses, or any side-agreements related thereto.

3. Schedules, exhibits, or agreements that are referred to in, incorporated by reference in, or that were executed contemporaneously with the "Core DCP Master Purchase Agreement" between Telefonaktiebolaget LM Ericsson and Sony Ericsson Mobile Communications AB dated August 28, 2001, including:
   (a) the "Shareholders' Agreement;"
   (b) "Schedule 1" and Schedules 2, 3, 4, 5, 6, 7, A, B, and C;
   (c) the "Business Transfer Agreements;"
   (d) the "Ancillary Agreements;"
   (e) the "Disclosure Letter;"
   (f) the "Supplemental Disclosure Letter;" and
   (g) the documents that set forth the definitions of the terms used in the Core DCP Master Purchase Agreement.

4. Agreements to amend, modify, or waive any provision of the Core DCP Master Purchase Agreement or any documents identified in Request 3 above, including any changes to the list of assets transferred to Sony Ericsson Mobile Communications AB.

5. The documents identifying the "Vendors" that "carr[ied] on the Businesses" now operated by Sony Ericsson Mobile Communications AB (as the terms "Vendors" and "Businesses" are defined by, and used in, the Core DCP Master Purchase Agreement).

6. The documents identifying the "Businesses" operated by the "Vendors" before the sale or transfer to Sony Ericsson Mobile Communications AB pursuant to the Core DCP Master Purchase Agreement.

1

7. The documents identifying the "Vendors" or other entities that had legal title to, owned or controlled the assets used to operate such "Businesses" prior to August 28, 2001 when such "Businesses" were sold or transferred to Sony Ericsson Mobile Communications AB in connection with (or as part of) the Core DCP Master Purchase Agreement.

8. Schedules, exhibits, or agreements that are referred to in, incorporated by reference in, or executed contemporaneously with the "DTNC Master Purchase Agreement" between Sony Corporation and Sony Ericsson Mobile Communications AB dated August 28, 2001, including:
   (a) the "Shareholders' Agreement;"
   (b) "Schedule 1," and Schedules 2, 3, 4, 5, 6, 7, 8, 9;
   (c) Exhibits 1 and 2;
   (d) "Business Transfer Agreements;"
   (e) "Ancillary Agreements;"
   (f) "Disclosure Letter;"
   (g) "Supplemental Disclosure Letter;"
   (h) "Transaction Documents;" and
   (i) The documents that set forth the definitions of the terms used in the DTNC Master Purchase Agreement.

9. Agreements to amend, modify, or waive any provision of the DTNC Master Purchase Agreement or documents identified in Request 8 above, including any changes to the list of assets transferred to Sony Ericsson Mobile Communications AB.

10. Documents sufficient to show the products manufactured or sold by each of the businesses that Sony sold or transferred to Sony Ericsson Mobile Communications AB, including Sony's "Japanese Business," "German Business Assets," or "Taiwan Contracts" as those terms are used in the DTNC Master Purchase Agreement.

11. Documents sufficient to show whether any of the products manufactured or sold by any of the businesses that Sony sold or transferred to Sony Ericsson Mobile Communications AB were, or would have been a "Covered Terminal Unit," as that term is defined in the Patent License Agreement between Sony Ericsson Mobile Communications AB and InterDigital Communications Corporation, effective January 1, 2003.

2

## Definitions

When used in these requests, the terms listed below have the meanings that follow:

- "2003 Patent Licenses" means the Patent License Agreement between InterDigital Technology Corporation, Ericsson Inc., and Telefonaktiebolaget LM Ericsson effective January 1, 2003 and the Patent License Agreement between InterDigital Technology Corporation and Sony Ericsson Mobile Communications AB effective January 1, 2003;

- "Document" means a thing where information is recorded tangibly, such as on paper, or a machine-readable medium;

- "Ericsson" means Ericsson Inc., Telefonaktiebolaget LM Ericsson and their affiliates and subsidiaries;

- The "InterDigital Lawsuit" means the patent litigation to which InterDigital and Ericsson were parties in U.S. District Court for the Northern District of Texas, Dallas Division styled *Ericsson Radio, et. al. v. InterDigital Communications Corp., et al.*, Civil Case No. 3:93-cv-01809;

- "InterDigital" means InterDigital Technology Corporation, InterDigital Communications Corporation, and their subsidiaries and affiliates;

- "Nokia" means Nokia Corporation, Nokia Inc., and their subsidiaries and affiliates;

- "Sony" means Sony Corporation and its affiliates and subsidiaries; and

- "Sony-E" means Sony Ericsson Mobile Communications AB and its affiliates and subsidiaries.



05/21/2004 09:39 FAX 2  317 8628    BIANCHI LAW    404  7777      T-004  P.003/010  F-792

May-01-2004 03:50pm  From-ALSTON AND BIRD

# IN THE INTERNATIONAL COURT OF ARBITRATION OF THE INTERNATIONAL CHAMBER OF COMMERCE

NOKIA CORPORATION,

Claimant,

*against*

INTERDIGITAL COMMUNICATIONS CORPORATION and
INTERDIGITAL TECHNOLOGY CORPORATION,
Respondents.

Arbitration No. 12 829/JNK

# PROTECTIVE ORDER
# AND
# CONFIDENTIALITY AGREEMENT

ATLOL/11644546v2

05/21/2004 09:39 FAX 212 317 8628   BIANCHI LAW   _____   T-004  P.004/010  F-792

1  **Definitions.**

    a. "Arbitration" means ICC Arbitration No. 12 829/JNK.

    b. "InterDigital" means InterDigital Technology Corporation and InterDigital Communications Corporation, or either of them.

    c. "Nokia" means Nokia Corporation and Nokia, Inc, or either of them.

    d. "Source Code" means software in any form, including source code, object code, VHDL, or similar highly confidential programming statements and/or instructions that in general are converted into machine language by compilers, assemblers, or interpreters.

    e. "Third Producing Party" means any person or entity (other than a "Party") that responds to a subpoena or request for documentary evidence or provides testimony in connection with the Arbitration.

    f. "Parties" means Nokia and InterDigital, and "Party" means either one of them.

    g. "Tribunal" means the Arbitral Tribunal in ICC Arbitration No. 12 829/JNK.

2  **Scope.** This is a Protective Order of the Tribunal and this is also an agreement among the Parties to the Arbitration (the "Order"). This Order shall apply to the production of documents, the taking of testimony, and the filing of any papers or pleadings ("arbitral filings") with the Tribunal in the Arbitration (hereinafter collectively referred to as "Information").

3. **Confidentiality Designations.** Information in the Arbitration may be designated by the Party or Third Producing Party that provides the information into one of two categories: (a) Confidential and (b) Highly Confidential. The designation is made on documents by affixing one of the two category labels onto the copy produced to a Party or filed with the Tribunal. The designation is made to testimony at the time it is given, or within fifteen days after service of a written copy of the transcript. The designation "Confidential" shall apply to documents, testimony, and arbitral filings that reveal information that is not publicly available and that, if publicly disclosed, would likely harm the business operations of the producing party or invade the privacy of a particular employee or agent of the producing party. The designation "Highly Confidential" shall apply to competitively sensitive documents, testimony and arbitral filings that reveal trade secrets or information of a proprietary business or technical nature that might be harmful to the producing Party or the Third Producing Party if obtained by a competitor. Highly Confidential information includes confidential technical information; technical practices; methods or other know-how; present or future marketing plans; product profit data; sales data, forecasts or projections; financial data; business strategy; confidential agreements or relationships with third parties; licensing negotiations between a Party and third parties; or materials that a party is

ATL01/11644544v2

under a pre-existing obligation to a third party to treat as confidential. The Parties agree to make these designations only when reasonably necessary to protect their confidentiality interests.

4. **Protections for Source Code.** To the extent source code is ultimately required to be produced, the Parties will work to add a provision to this Order to govern its disclosure. A Party or Third Producing Party need not produce any source code until such a provision is added. If a Party or Third Producing Party has an obligation to disclose source code in response to a subpoena or request for documentary evidence and the Parties have not yet agreed on a provision governing such disclosure, such Party or Third Producing Party will notify all Parties of the existence of responsive source code, shall identify the source code, and shall identify any requests for documentary evidence to which the source code is responsive.

5. **Limitations on Disclosure.**

   a. Information designated as Highly Confidential or Confidential can only be disclosed to:

      (i) Counsel of record in the Arbitration, and anyone employed by counsel of record working on the Arbitration. The counsel of record in the Arbitration are:
      - For Nokia – Alston & Bird, LLP,
      - For InterDigital – Wilson Sonsini Goodrich & Rosati P.C.;

      (ii) Litigation support contractors retained by counsel of record for a Party whose work would be protected by the attorney work product doctrine applicable to the work product of such counsel;

      (iii) The Tribunal and other ICC personnel;

      (iv) A court of law solely for purposes of enforcing this Protective Order or determining the Parties' respective rights and obligations under the agreements that form the basis of the Arbitration, provided that such court enters a protective order of substantively equivalent limitations as contained in this document; and

      (v) Expert witnesses and consultants qualified under paragraph 9 herein,

   b. Information designated as Confidential can also be disclosed to:

      (i) In house attorneys regularly employed as an attorney by a Party;

      (ii) Up to five non-attorney employees of a Party assisting outside counsel in the Arbitration.

   c. If Confidential or Highly Confidential information is disclosed to any person described in subsections (a)(i), (a)(ii), and (a)(iii) or subsections (b)(i) and (ii) of this paragraph, those persons will be bound by this Order and will only disclose

-2-

the Confidential or Highly Confidential information as expressly permitted by this Order.

    d. Any attorney representing a Party who receives technical information designated Highly Confidential under this Order shall not prosecute, directly supervise, or assist in the prosecution of any patent application pertaining to the subject matter of such technical information during the pendency of the Arbitration and for two years after the conclusion of the same, including any appeals.

    e. Nothing in this provision shall bar or otherwise restrict an attorney who is a qualified recipient of information under the terms of this Order from rendering advice to his or her client with respect to this action and, in the course thereof, from generally relying on an examination of Confidential or Highly Confidential information. In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose the specific content of any protected information, unless otherwise permitted under the terms of this Order.

    f. This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Information designated as "Confidential" or "Highly Confidential" for any purpose.

6. **Inadvertent Disclosure.** The inadvertent production of any privileged or improperly designated information shall not waive any claim of privilege or confidentiality. If any such information is inadvertently produced, the producing Party or Third Producing Party must promptly notify the Parties in writing upon learning of the error and identify the inadvertently produced or improperly designated information.

    a. Upon receipt of written notice of improperly designated information, the receiving Parties shall, within (5) days of receiving such notice, have the option to (i) return, (ii) appropriately mark, or (iii) destroy all copies of such information. The receiving Parties shall then immediately notify the producing Party or Third Producing Party in writing of which option was elected and certify that all such information has been returned, appropriately marked, or destroyed.

    b. Upon receipt of written notice of inadvertently produced privileged information, the receiving Parties shall promptly return all such information and shall not use it absent further Order of an appropriate court or the Tribunal. The Parties returning such information may move for an Order compelling the production of such information on grounds other than its inadvertent production.

-3-

7. **Use.** This Order is intended to govern the exchange and disclosure of Information in connection with the Arbitration, any other arbitrations between the Parties, any other disputes between the Parties arising under the agreements that form the basis of the Arbitration, and/or negotiations between the Parties (collectively referred to as the "Disputes Between The Parties"). Once a document or testimony is designated as "Confidential" or "Highly Confidential," it shall be used by the receiving person or entity solely in connection with the Disputes Between The Parties and not for any other business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein. Neither this provision nor this Order shall, standing alone, be deemed a sufficient reason to disqualify any counsel of record in the Arbitration from any later litigation or legal proceeding, except as stated in paragraph 5(d) above.

8. **Disputes Over Designation.** A Party may object to the designation of the other Party. Such objections should be raised on a timely basis, and the Tribunal shall consider as relevant any prejudice resulting from unreasonable delay in raising an objection.

9. **Procedure for Expert Witnesses and Consultants.** Ten days before an expert witness or consultant can be shown protected information, the counsel retaining the person shall provide to the other Party a copy of the person's current resume, and shall identify all current consulting relationships that person has in the telecommunications industry. If such Party objects to the proposed person qualifying for access to information protected by this order, and is unable to resolve the dispute through discussions with the Party who retained the expert or consultant, the objecting Party shall serve its objection to the Tribunal, and the person shall not receive the protected information until the Tribunal rules on the objection or the objection has otherwise been resolved. Before qualifying under this provision, the person must execute the acknowledgment in the form attached as Exhibit A.

10. **Other Protections.** Any Party can seek other, further, or different relief for the protection of information than what is provided here.

11. **Procedure after Termination of the Arbitration.** This Order shall remain in effect after the Arbitration has been concluded whether by settlement or a final decision. Sixty days after the conclusion of the Arbitration and the termination and exhaustion of all appeals relating to any judicial review or enforcement of the Arbitration awards, all persons having received materials designated as "Confidential" or "Highly Confidential" hereunder shall return such materials to

-4-

ATL01/11644346v2

counsel for the Party or Third Producing Party that they are associated with. Counsel described in paragraph 5(a)(i) above shall be entitled to retain pleadings, hearing transcripts, attorney work product and materials filed with the Tribunal or ICC (including exhibits), provided that such counsel, and employees of such counsel, shall not disclose any such retained information to any person or entity except pursuant to written agreement of the Party or Third Party that originally produced the information being retained. Counsel of record will return all other Information except as described in this paragraph. Counsel of record retaining documents or information pursuant to this paragraph will only use the retained information as provided in paragraph 7 or as needed in other litigation that places counsel of record's actions or decisions made in this Arbitration at issue. To the extent counsel retains documents pursuant to this paragraph, it will not produce them in response to any subpoena or legal request for information without first giving the producing Party or Third Party notice of the subpoena or request and an opportunity to object in the appropriate legal forum. The notice required by this paragraph will be provided within 5 days after such a subpoena or request for information is received.

12. **Rights of the Parties.** In the event a Party breaches the terms of this Order, the Tribunal may sanction that Party or take the breach into account in the manner it chooses. The Parties may also, as to one another, seek enforcement of the rights in this Order in any court of competent jurisdiction.

13. **Rights of Third Producing Parties.**

    a. A Third Producing Party is entitled to the protections of this Order with respect to any documents it produces or testimony it provides voluntarily or in response to a subpoena. Such Third Producing Party is expressly made an intended beneficiary of this Agreement. InterDigital and Nokia each consent, solely for purposes of enforcing the Third Producing Party's rights hereunder, to jurisdiction in the United States District Court where the Third Producing Party's principal place of business in the United States is located or, if the Third Producing Party has no place of business in the United States, in a court in the jurisdiction where the Third Producing Party's worldwide principal place of business is located.   While a Third Producing Party has the option of seeking enforcement of this Order through the Tribunal, such Third Producing Party is not obligated to do so and may seek relief directly from the court specified above. If a Third Producing Party elects to seek relief from the Tribunal, the Third Producing Party agrees to be bound by the decision of the Tribunal.

    b. In any action by a Third Producing Party to enforce the terms of this Order, such Third Producing Party shall be entitled to recover its reasonable attorneys'

-5-

05/21/2004 09:42 FAX 312 317 8628    BIANCHI LAW    4048611777    T-004 P.008/010 F-792
May-07-2004 03:52pm  From-ALSTON AND BIRD

fees if it substantially prevails in such effort, in addition to such other relief to which it may be entitled.

Agreed to by the Parties to the Arbitration as of April, 30th 2004:

For Nokia Corporation:                    For InterDigital:

_ILKKA RAHNASTO_
Vice President, IPR

William J. Metcalf — InterDigital Communications.
President — InterDigital Technology Corp

Mika U. Anttila
Director, IPR Application Platforms

**ALSTON & BIRD LLP**                    **WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

ATL01/11644546v2

Entered as Order Number 5 in ICC Arbitration No. 12 829/JNK.

_Carlos F. Bianchi_
Chair of the Tribunal

_Kimball R. Anderson_
Arbitrator

_Lois W. Abraham_
Arbitrator

ATL01/11644546v2

| REP.# | INV.# | DATE | INV. AMT | INVOICE DESCRIPTION | AMOUNT PAID |
|-------|-------|------|----------|---------------------|-------------|
|       | 42933/262081 | 09-29-2004 | 60.00 | Witness fee | 60.00 |

THIS DOCUMENT HAS VISIBLE AND INVISIBLE FLUORESCENT FIBERS · VIEW UNDER BLACK LIGHT · TRUE WATERMARK IN PAPER · HOLD TO LIGHT TO VIEW

**ALSTON & BIRD** LLP

CHECK NO. **540085**

CHECK DATE
**09/29/04**

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
F.E.I.# 58-0137815

64-127-9
611

Atlanta Business Account
Bank of America, N.A.
Atlanta, DeKalb County, GA

CHECK AMOUNT

**$60.00**

SIXTY AND 00/100

TWO SIGNATURES REQUIRED ON CHECK
OVER $1,000.00

PAY
TO THE
ORDER OF          Ericsson Inc

⑆540085⑆ ⑆061112788⑆ 000101158203⑈